# EXHIBIT C

1   MORGAN, LEWIS & BOCKIUS LLP
    Andrew P. Frederick, Bar No. 284832
2   1400 Page Mill Road
    Palo Alto, CA  94304
3   Tel:    +1.650.843.4000
    Fax:    +1.650.843.4001
4   andrew.frederick@morganlewis.com

5   MORGAN, LEWIS & BOCKIUS LLP
    Joseph Lewis, Bar No. 316770
6   Taylor D. Horn, Bar No. 329435
    One Market, Spear Street Tower
7   San Francisco, California 94105-1596
    Telephone:    +1.415.442.1000
8   Facsimile:    +1.415.442.1001
    joseph.lewis@morganlewis.com
9   taylor.horn@morganlewis.com

10  Attorneys for Defendant
    UNIFI AVIATION, LLC

11

12

13                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

                           COUNTY OF SAN DIEGO

14                                            **'23CV1334 DMS DEB**

15

16  LEIV BERG, an individual, on behalf of        Case No. 37-2023-00019287-CU-OE-CTL
    himself and on behalf of all persons similarly
    situated,                                     **ANSWER OF DEFENDANT UNIFI**
17                                                **AVIATION, LLC TO PLAINTIFF LEIV**
                                                  **BERG'S COMPLAINT**
                   Plaintiff,
18
                                                  Complaint Filed:  May 5, 2023
                   vs.                            Trial Date:       None Set
19
    UNIFI AVIATION, LLC, a limited liability
20  company; and DOES 1 to 50, inclusive,

21                 Defendants.

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

                                              Case No. 37-2023-00019287-CU-OE-CTL
                  UNIFI AVIATION, LLC'S ANSWER TO COMPLAINT

Defendant Unifi Aviation, LLC ("Unifi" or "Defendant"), by and through its undersigned counsel, submits the following answer and defenses to the Complaint of Plaintiff Leiv Berg ("Plaintiff").

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Unifi denies, generally and specifically, each and every allegation in Plaintiff's Complaint.  Unifi further denies that the named Plaintiff, or any member of the putative class he purportedly seeks to represent, has been damaged in the sums alleged, or any other sum, or at all, by reason of any act or omission to act on the part of Unifi, or any of its agents, servants, employees, or representatives.  Unifi further denies that the named Plaintiff or any member of the putative class he purportedly seeks to represent is entitled to any type of remedy, relief, or damages of any kind, including the relief requested in his prayer for relief.

## DEFENSES

Unifi has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses stated herein are based on Unifi's knowledge, information, and belief at the present time and Unifi specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.  Without conceding that it bears the burden of proof or persuasion as to any one of them, Unifi asserts the following defenses to the allegations set forth in the Complaint:

## FIRST DEFENSE

### (Arbitration)

1.      Unifi alleges that the Complaint, and each cause of action alleged therein, or some of them, cannot be maintained in this forum because Plaintiff and some or all of the putative class action members entered into agreements to submit claims against Unifi to binding arbitration on an individual basis.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1                    Case No. 37-2023-00019287-CU-OE-CTL

UNIFI AVIATION, LLC'S ANSWER TO COMPLAINT

**SECOND DEFENSE**

**(Class Action Waiver)**

2.      The Complaint, and each cause of action alleged therein, or some of them, cannot be maintained because it includes class allegations, and Plaintiff and some or all of the putative class action members entered into binding arbitration agreements that forbid bringing or participating in class actions, and require pursuing any claims on an individual basis.

**THIRD DEFENSE**

**(Preemption)**

3.      Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are preempted, in whole or in part, by federal law, including, but not limited to, the Airline Deregulation Act, Railway Labor Act, and Federal Aviation Act.

**FOURTH DEFENSE**

**(IWC Wage Order 9 Section 3(N) Overtime Exemption)**

4.      Unifi is exempt under Section 3(N) of IWC Wage Order 9 from Plaintiff and/or putative class members' causes of action for alleged failure to pay overtime to the extent that Plaintiff and/or putative class action members worked over forty hours but not more than sixty hours in a workweek due to a temporary modification in the Plaintiff or putative class action member's normal work schedule not required by Unifi, but arranged at the request of Plaintiff or the putative class action member.

**FIFTH DEFENSE**

**(Failure to State a Cause of Action)**

5.      The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Unifi.

**SIXTH DEFENSE**

**(Statute of Limitations)**

6.      The causes of action of Plaintiff and the putative class action members he purports to represent are barred in whole or in part by any and all applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338, 340 and 343, California Business and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2                    Case No. 37-2023-00019287-CU-OE-CTL

UNIFI AVIATION, LLC'S ANSWER TO COMPLAINT

1  Professions Code section 17208.

**SEVENTH DEFENSE**

**(Res Judicata/Collateral Estoppel)**

7.      Plaintiff's causes of action and/or the causes of action of the putative class action members are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**EIGHTH DEFENSE**

**(No Knowing Failure – Labor Code § 226)**

8.      Unifi alleges that, even assuming *arguendo* that Plaintiff and/or any putative class action member that were not provided with proper itemized statements of wages and deductions, Plaintiff and/or any putative class action member are not entitled to recover damages because Unifi's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under Labor Code section 226(e).

**NINTH DEFENSE**

**(No Injury – Labor Code § 226(e))**

9.      Plaintiff and/or any putative class and representative action member are not entitled to recover damages because they did not suffer an "injury" under California Labor Code section 226(e).

**TENTH DEFENSE**

**(Due Process/Excessive Fine)**

10.      Unifi denies that it has committed or has responsibility for any act that could support the recovery of civil or statutory penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil or statutory penalties against Unifi is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3      Case No. 37-2023-00019287-CU-OE-CTL

UNIFI AVIATION, LLC'S ANSWER TO COMPLAINT

**ELEVENTH DEFENSE**

**(Avoidable Consequences)**

11.     Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are barred, or recovery should be reduced, because (1) Unifi took reasonable steps to prevent and correct the conduct alleged in the Complaint; (2) Plaintiff, and members of the purported class action, unreasonably failed to use the preventive and corrective measures that Unifi provided; and (3) reasonable use of Unifi's procedures would have prevented at least some of the harm that Plaintiff and members of the purported class action allegedly suffered.

**TWELFTH DEFENSE**

**(Waiver/Release)**

12.     Plaintiff's causes of action and/or the causes of action of some or all of the putative class and representative action members are barred, in whole or in part, because such causes of action have been waived, discharged, abandoned, and/or released.

**THIRTEENTH DEFENSE**

**(Release Through Prior Settlement)**

13.     To the extent that Plaintiff or any putative class and representative action member has been a party to or settlement class member of any prior settlement, any such individual has released some or all of the causes of action alleged in the Complaint.

**FOURTEENTH DEFENSE**

**(No Entitlement to Jury Trial – Certain Claims)**

14.     Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are not entitled to a trial by jury, including Plaintiff's claims under California Business and Professions Code sections 17200, *et seq.*

**FIFTEENTH DEFENSE**

**(Conduct Reasonable and in Good Faith/Not Willful, Knowing, or Intentional)**

15.     If Unifi is found to have failed to pay Plaintiff and/or any purported class action member any amount due, which Unifi denies, Unifi acted at all times on the basis of a good faith and reasonable belief that it had complied fully with applicable wage and hour laws.  Unifi's conduct was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4                    Case No. 37-2023-00019287-CU-OE-CTL

UNIFI AVIATION, LLC'S ANSWER TO COMPLAINT

1    not willful, knowing, or intentional within the meaning of the California Labor Code, which precludes

2    the imposition of certain damages or penalties, including waiting time penalties under Labor Code

3    section 203.

**SIXTEENTH DEFENSE**

**(Meal Period Waiver – Mutual Consent)**

6    16.    Plaintiff's cause of action and/or the causes of action of some or all of the putative

7    class action members for alleged failure to provide meal breaks fails to the extent that the meal break

8    was waived by mutual consent of Unifi and Plaintiff and/or any purported class action member as

9    permitted under the applicable wage order.

**SEVENTEENTH DEFENSE**

**(Waiver of Meal Break)**

12   17.    As a separate defense to Plaintiff's meal break cause of action and any derivative

13   causes of action, Unifi alleges that it provided Plaintiff and the putative class action members the

14   opportunity to take full, uninterrupted 30-minute, off-duty meal breaks that commenced by the end of

15   the fifth hour of work.  On occasion, at their election and not at the direction of Unifi, Plaintiff and/or

16   putative class action members did not take this opportunity and instead worked during all or a portion

17   of their provided meal break.  On other occasions, at their election and not at the direction of Unifi,

18   Plaintiff and/or putative class action members did not take the opportunity for a meal break by the end

19   of the fifth hour, instead taking a 30-minute off-duty break later in the day.

**EIGHTEENTH DEFENSE**

**(Lack of Standing)**

22   18.    The Complaint and each cause of action alleged therein are barred for lack of

23   subject matter jurisdiction to the extent Plaintiff and/or putative class action members lack

24   standing to bring their claims.

**NINETEENTH DEFENSE**

**(De Minimis)**

27   19.    Plaintiff's causes of action and/or the cause of action of some or all of the putative

28   class action members are barred, in whole or in part, by the *de minimis* doctrine.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5            Case No. 37-2023-00019287-CU-OE-CTL

UNIFI AVIATION, LLC'S ANSWER TO COMPLAINT

**RESERVATION OF RIGHTS**

Unifi hereby gives notice that it intends to rely upon any other additional defense(s) that is now or may become available, or appear during, or because of discovery proceedings in this action, and hereby reserves its right to amend its Answer to assert such defense(s).

**PRAYER FOR RELIEF**

WHEREFORE, Unifi requests that the Court grant the following relief:

1.     That Plaintiff take nothing against Unifi by reason of the Complaint, and that the Complaint be dismissed with prejudice;

2.     That judgment be entered in favor of Unifi and against Plaintiff on all causes of action;

3.     That Unifi be awarded its costs of suit incurred herein; and

4.     That the Court award Unifi such other and further relief as it deems just and proper.

Dated: July 17, 2023                                    MORGAN, LEWIS & BOCKIUS LLP

By _____
                                                                 Andrew P. Frederick
                                                                 Joseph R. Lewis
                                                                 Taylor Horn

                                                   Attorneys for Defendant
                                                   UNIFI AVIATION, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6                    Case No. 37-2023-00019287-CU-OE-CTL
UNIFI AVIATION, LLC'S ANSWER TO COMPLAINT

**PROOF OF SERVICE**

I, Lilliam Quave, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On July 17, 2023, I served a copy of the within document:

**ANSWER OF DEFENDANT UNIFI AVIATION, LLC TO PLAINTIFF LEIV BERG'S COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Norman B. Blumenthal, Esq.
Kyle R. Nordrehaug, Esq.
Aparajit Bhowmik,Esq.
Nicholas J. De Blouw
**BLUMENTHAL, NORDREHAUG**
    **BHOWMIK DE BLOUW LLP**
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)-551-1223
Facsimile: (858) 551-1232

*Attorneys for Plaintiff Leiv Berg, on behalf of himself and on behalf of all persons similarly situated*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 17, 2023, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Lilliam Quave

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE